LEIMAN & JOHNSON, LLC
Drew G. Johnson (OSB No. 114289)
Alan J. Leiman (OSB No. 98074)
44 W. Broadway, Suite 326
Eugene, OR 97401
drew@leimanlaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **AJ WEST,**<br><br>Plaintiff,<br><br>v.<br><br>**TURPITUDE, INC.**, a Delaware Corporation, **NATALIE FAY**, and **STIEG HEDLUND**, individually,<br><br>Defendants. | CASE NO.: 6-12-cv-1824<br><br>**COMPLAINT**<br>FLSA MINIMUM WAGE (29 U.S.C. § 201 et. seq.); Oregon Wage and Hour Laws<br><br>**DEMAND FOR JURY TRIAL** |

INTRODUCTION

1. Plaintiff, AJ WEST, was an employee of Defendants TURPITUDE, INC., a Delaware corporation, NATALIE FAY, and STIEG HEDLUND (collectively, "Defendants").

2. Plaintiff brings this action for unpaid wages and other relief under the Fair Labor Standards Act (29 U.S.C. § 201 et. seq., the "FLSA", or the "Act") and Oregon Wage and Hour laws (ORS 652 and 653 et. seq.)

3. At all material times hereto, Plaintiff performed work on behalf of the

1 - Complaint

Defendants in Lane County, Oregon, within the jurisdiction and venue of this Court.

4. Defendants employed Plaintiff as a Game Engineer for Defendants' internet-based computer game design business from November 21, 2011 through July 2, 2012.

5. From November 21, 2011 through May 22, 2012, Defendants paid Plaintiff at an agreed rate of pay specified in Defendants' November 16, 2011 written offer of employment, as subsequently amended on April 16, 2012 by the parties (the "Employment Agreement"). A true copy of the Employment Agreement and the email amendment thereto are attached hereto as Exhibit A, and incorporated as if set forth fully herein.

6. On July 31, 2012, Defendants owed Plaintiff $9520.00 in wages earned and past due, yet Defendants tendered only $1792.00 as payment to Plaintiff for the 224 hours worked by Plaintiff from May 23, 2012 through July 2, 2012.

7. The July 31, 2012 payment that Defendants paid Plaintiff was equivalent to $8.00 per hour – $0.80 per hour less than the Oregon minimum wage and $34.50 per hour less than the wage Plaintiff was owed for his work from May 23, 2012 through July 2, 2012.

8. At all times material hereto, Defendant NATALIE FAY, managed, owned and/or operated an internet-computer game design business, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business. By virtue of such control and authority, NATALIE FAY was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. § 201 et. seq.

9. At all times material hereto, Defendant STIEG HEDLUND, managed,

2 - Complaint

owned and/or operated an internet-computer game design business, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business. By virtue of such control and authority, STIEG HEDLUND was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. § 201 et. seq.

10. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff.

11. At all material times, hereto, Plaintiff was performing his duties for the benefit of, and on behalf of Defendants.

12. This cause of action is brought to recover from Defendants unpaid minimum wages, unpaid wages due, statutory penalties, liquidated damages for minimum wages not paid when due, and the costs and reasonable attorneys' fees under the provisions of ORS 652, ORS 653, and 29 U.S.C. § 216(b) on behalf of Plaintiff.

13. At all material times hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendants for which Defendants failed to pay minimum wages when due. Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay minimum wage when due.

14. Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## JURISDICTION

15. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and 28 U.S.C. §1337,

as it arises under acts of Congress regulating commerce.

16. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17. At all times pertinent to this Complaint, Defendants owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

## PARTIES

18. Plaintiff AJ West is a resident of Lane County, Oregon.

19. Defendant Turpitude, Inc. is a Delaware Corporation with its corporate headquarters and principal place of business in Walnut Creek, California.

20. Defendant Natalie Fay, a resident of California, is the Chief Operating Officer and Principal Owner of Defendant Turpitude, Inc.

21. Defendant Stieg Hedlund, a resident of California, is the Chief Creative Officer and a Principal Owner of Defendant Turpitude, Inc.

## FIRST CLAIM FOR RELIEF
### (Violation of FLSA – Minimum Wage Liquidated Damages)

22. Plaintiff realleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 21 above.

23. Defendants failed to pay Plaintiff minimum wage for work performed by Plaintiff for Defendants between May 23, 2012 and July 2, 2012.

24. At all times material hereto prior to May 1, 2012, Defendants paid wages to Defendants' employees twice per month, typically on the 15th and last day of each month, except beginning with the May 15, 2012 payroll when Defendants failed to pay Plaintiff his wages when due.

25. On May 31, 2012, Defendants paid Plaintiff a payment of $2720.00 for wages earned from May 1, 2012 through May 10, 2012.

26. On June 8, 2012, Defendants paid Plaintiff a payment of $2720.00 for wages earned from May 11, 2012 through May 22, 2012.

27. Defendants did not pay Plaintiff again until July 31, 2012 when Defendants paid Plaintiff a payment of $1792.00, an amount equivalent to $8.00 per hour for the 224 hours Plaintiff worked from May 23, 2012 through July 2, 2012.

28. Defendants failed to pay Plaintiff minimum wage for work performed after May 22, 2012, and therefore, Defendants are liable to Plaintiff for failure to pay minimum wages at the applicable Oregon minimum wage rate of $8.80 per hour for all hours worked between May 23, 2012 and July 2, 2012.

29. Defendants' failure to pay minimum wages when due was willful. By reason of said intentional, willful, and unlawful acts of the Defendants, Plaintiff is entitled to liquidated damages in an amount equal to the amount of the minimum wages not paid when due, or in an amount to be proven at trial, or penalty wages under Oregon state law, whichever is greater.

30. By reason of said intentional, willful, and unlawful acts of Defendants,

5 - Complaint

Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Compensation Due – ORS 653.055)

31. Plaintiff realleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 30 above.

32. As of May 30, 2012, Defendants had failed to pay wages earned by Plaintiff since May 1, 2012.

33. On May 31, 2012, Defendants tendered to Plaintiff payment for worked performed by Plaintiff between May 1, 2012 and May 10, 2012 at the agreed upon pay rate of $42.50 per hour.

34. On June 8, 2012, Defendants tendered to Plaintiff payment for worked performed by Plaintiff between May 11, 2012 and May 22, 2012 at the agreed upon pay rate of $42.50 per hour.

35. From May 23, 2012 through July 2, 2012, Plaintiff worked 224 hours for Defendants, performing Game Engineer duties consistent with his employment since November 21, 2011.

36. From May 23, 2012, Defendants continued to enjoy the fruits of Plaintiff's work on their behalf, yet failed to pay him his wages at the agreed upon rate of $42.50 per hour pursuant to the Employment Agreement, as amended.

37. From May 23, 2012 through July 2, 2012, Defendants failed to pay Plaintiff the wages he was due, when the wages were due, at the agreed upon wage.

38. The only payment received by Plaintiff for work performed between May

23, 2012 and July 2, 2012 was a *less than* minimum wage payment from Defendants to Plaintiff on July 31, 2012.

39. On July 31, 2012, Defendants tendered via electronic funds transfer (direct deposit) a payment of $1792.00 to Plaintiff, an amount equivalent to $8.00 per hour for 224 hours worked by Plaintiff for Defendants from May 23, 2012 through July 2, 2012.

40. By failing to pay Plaintiff the wages to which he is entitled under ORS 653.010 to 653.261, Defendants are liable under ORS 653.055 to Plaintiff for the full amount of the wages owed, less any amount actually paid to Plaintiff by Defendants and a penalty calculated pursuant to ORS 652.150.

41. As of his last day of work, Plaintiff was owed for 224 hours worked at $42.50 per hour – subtracting the July 31, 2012 sub-minimum wage payment of $1792.00; Plaintiff is owed $7728.00 in unpaid wages from Defendants.

42. Defendants' failure to pay wages owed when due was willful. By reason of said intentional, willful, and unlawful acts of the Defendants, Plaintiff is entitled to penalty wages of $10,200.00 or an amount to be proven at trial.

43. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Failure to Pay Wages Due Upon Termination ORS 652.140)

44. Plaintiff realleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 43 above.

45. On July 2, 2012, after Defendants had not paid Plaintiff for work he performed for Defendants since May 23, 2012, Plaintiff notified Defendants that he was

7 - Complaint

going on "leave of absence" status because he could not afford to work without being paid.

46. On August 1, 2012, Plaintiff formally tendered his resignation from Defendants' employ effective July 2, 2012, along with a written notice of his claim for "approximately $8000.00" in unpaid wages.

47. Defendants failed to pay Plaintiff his wages due upon termination of employment in violation of ORS 652.140.

48. Plaintiff is informed and believes, and therefore alleges that Defendants' business is an ongoing concern, occupying leased office space, offering employment to prospective employees through Defendants' website, and paying employees.

49. Defendants' decision to not pay Plaintiff was a willful business decision.

50. By reason of said intentional, willful, and unlawful acts of the Defendants, Plaintiff is entitled to penalty wages of $10,200.00 or an amount to be proven at trial.

51. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

52. By violating ORS 652.140, Defendants are liable to Plaintiff under ORS 652.150 for penalty wages in an amount totaling $10,200.00 plus pre-judgment interest in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant him the following relief:

1. On the First Claim, award Plaintiff the greater of either: liquidated damages in an amount equivalent to his unpaid minimum wages for failure to pay

minimum wage pursuant to 29 U.S.C. § 206, or in an amount to be determined at trial; or, a statutory penalty pursuant to ORS 653.055 in the amount of $2,112.00, or amount determined at trial, for failure to pay minimum wages pursuant to ORS 653.025.

2. On the Second Claim, award Plaintiff $7728.00 in unpaid wages due and $10,200.00 in penalty wages, or amounts to be proven at trial, for failure to pay wages when due.

3. On the Third Claim, award Plaintiff a statutory penalty of $10,200.00, or an amount to be determined at trial, for failure to pay wages due upon termination.

4. Award Plaintiff reasonable attorney fees and costs;

5. Award Plaintiff pre-judgment and post-judgment interest; and

6. Award Plaintiff such other relief as this Court deems just and proper.

DATED October 9, 2012.

Respectfully submitted,

Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Attorney for Plaintiff

Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Attorney for Plaintiff

9 - Complaint